The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Neill Fuleihan. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On April 12, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
2. At such time, Hartford Insurance Company was the carrier on the risk.
3. At such time, plaintiff's average weekly wage was $320.00, resulting in a compensation rate of $213.34.
4. Medical records and reports from Doctor's Urgent Care, Doctors Epner and Szura of Cary Orthopedic Center, Doctors Smith and Wyker of Raleigh Orthopedic Clinic and a bone scan report from Western Wake Medical Center are received into evidence.
5. A Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, approved by the Industrial Commission on August 20, 1993, is received into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is 39 years of age and a surveyor by profession. He possesses a B.S. degree in surveying. On April 12, 1993, plaintiff was employed by defendant-employer as a surveyor — crew chief.
2. On April 12, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he was running up a hill and felt something "let go" in his left leg.
3. For his compensable injury, plaintiff has been seen at Doctor's Urgent Care, at Cary Orthopedic Clinic by Doctors Epner and Szura, and at Raleigh Orthopedic Clinic by Doctors Smith and Wyker; has undergone conservative treatment consisting of medication, and physical therapy at Cary Sports Therapy Center; and was prescribed a three-D stocking brace and orthotic lift devices for his shoes.
4. As a result of his compensable injury, plaintiff sustained a muscular strain of the left gastroc, soleus complex (left calf strain).
5. On June 15, 1993, Dr. Epner released plaintiff to return to work without restriction but advised plaintiff to be careful to avoid injury caused by falling. At that time, defendant-employer did not provide plaintiff with any work.
6. On July 28, 1993, plaintiff was released by Dr. Smith to return to work without restriction although, at that time, plaintiff continued to have persistent swelling and discomfort in his left calf and left foot which increased upon ascending and descending stairs and other similar type activities. At that time, plaintiff was not offered employment by defendant, however, sometime on or about August 20, 1993, plaintiff was offered employment as a rodman with defendant which position was suitable to plaintiff's resulting physical capacity. This position paid $2.00 an hour less than the position of surveyor-crew chief. Plaintiff refused to accept the position offered. At that time, plaintiff expressed interest in working an inside job.
7. On November 22, 1993, plaintiff accepted, and began work with defendant-employer as a rodman and worked for a period of six days during which time he earned a total of $292.50. Thereafter, plaintiff was released by defendant-employer due to a slowdown in available work.
8. Subsequent to December 1, 1993, defendant-employer has offered plaintiff no additional employment.
9. Since December 1, 1993, plaintiff has not made reasonable efforts to obtain employment.
10. As a result of his compensable injury, plaintiff continues to have swelling and discomfort in his left calf which is aggravated by increased activity.
11. There is insufficient evidence of record from which to determine by its greater weight that plaintiff has sustained any permanent partial impairment to his left leg as a result of his compensable injury.
12. Plaintiff's refusal to accept suitable employment offered him by defendant on or about August 20, 1993, was unjustified. The period of such refusal continued until he returned to work with defendant on November 22, 1993.
13. As of December 1, 1993, plaintiff had the capacity to earn the same wages he was earning at the time of the compensable injury giving rise hereto.
14. Pursuant to approved Form 21 Agreement, plaintiff received temporary total disability compensation from April 12, 1993 to August 20, 1993.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On April 12, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. Plaintiff can meet his burden of establishing the existence of disability to earn wages in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of any work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his efforts to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of pre-existing conditions, i.e. age, inexperience, lack of education, to seek employment; or (4) the production of evidence that he has obtained employment at a wage less than that earned prior to the injury.Russell v. Lowes Products Distribution, 108 N.C. App. 762,462 S.E.2d 454 (1993).
3. Inasmuch as plaintiff unjustifiably refused employment offered to him by defendant-employer which was suitable to his capacity on or about August 20, 1993 and said refusal continued until November 22, 1993, plaintiff is entitled to no compensation during the period of such refusal. G.S. § 97-32.
4. As a result of his April 12, 1993 injury by accident, plaintiff was temporarily totally disabled from April 12, 1993 to August 20, 1993 for which he is entitled to compensation at the rate of $213.34 per week for the aforementioned period subject to a credit to defendants for compensation paid heretofore. G.S. § 97-29.
5. Plaintiff is entitled to have defendants pay all medical compensation incurred, or to be incurred, as a result of his April 12, 1993 injury by accident. G.S. § 97-2(19); G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation benefits subsequent to August 20, 1993 under the North Carolina Workers' Compensation Act must be, and the same is hereby DENIED.
2. Defendants shall pay all medical compensation incurred, or to be incurred, as a result of plaintiff's April 12, 1993 injury by accident.
3. Each side shall pay its own costs, except that defendants' shall pay an expert witness fee in the amount of $520.00 to Dr. Lyman S. Smith.
FOR THE FULL COMMISSION
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 9/19/95